UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

MIGUEL FERNANDO GUAYLLLAS-FAJARDO, A# 241 798 955,

Petitioner,

against

ALEXANDER CABEZAS, in his official capacity as Acting Assistant Field Office Director for the Newark Field Office for Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; PAMELA JO BONDI, in her official capacity as Attorney General of the United States of America,

Respondents.

VERIFIED PETITION FOR WRIT OF HABEAS CORPUS

INTRODUCTION

Petitioner Miguel Fernando Guayllas-Fajardo ("Petitioner") is in the physical custody of Respondents at the Delaney Hall Detention Facility ("Delaney Hall") in Newark, New Jersey. He now faces unlawful detention because the Department of Homeland Security ("DHS") and the Executive Office of Immigration Review ("EOIR") have concluded he is subject to mandatory detention under 8 U.S.C. § 1225(b) and therefore ineligible for bond.

Petitioner was detained by DHS at the time of, or immediately following, his credible fear interview after presenting to U.S. authorities seeking protection. He has remained in continuous DHS custody since October 7, 2026.

Petitioner is charged with, inter alia, having entered the United States without admission or inspection. See 8 U.S.C. § 1182(a)(6)(A)(i).

Based on this allegation in Petitioner's removal proceedings, DHS denied Petitioner release from immigration custody, consistent with a DHS policy issued on July 8, 2025, instructing Immigration and Customs Enforcement ("ICE") employees to consider anyone inadmissible under § 1182(a)(6)(A)(i)—i.e., those who entered the United States without admission or inspection—to be subject to detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond.

Similarly, on September 5, 2025, the Board of Immigration Appeals ("BIA" or "Board") issued a precedent decision, binding on all immigration judges, holding that an immigration judge has no authority to consider bond requests for any person who entered the United States without admission. See Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). The Board

determined that such individuals are subject to detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond.

Petitioner's prolonged detention on this basis violates the Due Process Clause of the Fifth Amendment and exceeds the permissible scope of the Immigration and Nationality Act ("INA"). Whatever the government's authority to impose initial detention at or near the border, the Constitution does not permit prolonged civil confinement with no meaningful opportunity for an individualized custody determination.

Accordingly, Petitioner brings this petition seeking immediate and unconditional release. He also asks this Court to enjoin his transfer outside this District. Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction" (cleaned up)); Khalil v. Joyce, No. 2:25-cv-1963 (MEF) (D.N.J.) Mar. 19, 2025), ECF No. 81 (enjoining transfer and removal of an immigration habeas petitioner under the All Writs Act).

Alternatively, Petitioner respectfully asks the Court to issue an order to show cause and hold a hearing pursuant to 28 U.S.C. § 2243 on the expedited basis set forth in the statute, during which the Court should (1) find that Petitioner's detention violates federal law and (2) order his release.

PARTIES

Petitioner Miguel Fernando Guayllas-Fajardo is a citizen of Ecuador. On or about October 7, 2026, Petitioner presented to U.S. authorities seeking protection and was detained by DHS at the time of, or immediately following, his credible fear interview. He has remained in continuous DHS custody since October 7, 2026. He is currently detained at Delaney Hall Detention Facility located at 451 Doremus Avenue, Newark, New Jersey 07105.

Respondent Alexander Cabezas is named in his official capacity as the Acting Assistant Field Office Director for the Newark Field Office for ICE within the United States Department of Homeland Security ("DHS"). Mr. Cabezas is a Supervisory Detention and Deportation Officer with DHS, ICE, Enforcement and Removal Operations, Newark Field Office whose duties include oversight of detention operations at the Delaney Hall Detention Facility in Newark, New Jersey. In his official capacity, he is responsible for the administration of immigration laws and the execution of detention and removal determinations, and is an immediate custodian of Petitioner. Respondent Cabezas' address is U.S. Immigration and Customs Enforcement, 970 Broad Street, 11th Floor, Newark, New Jersey 07102.

Respondent Kristi Noem is named in her official capacity as the Secretary of Homeland Security in the United States Department of Homeland Security ("DHS"). In her official capacity, Ms. Noem is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(a); routinely transacts business in the District of New Jersey; is legally responsible for pursuing any effort to remove Petitioner, and is a legal custodian of Petitioner. Respondent Noem's address is U.S. Department of Homeland Security, Office of the General Counsel, 2707 Martin Luther King Jr. Ave. SE, Washington, DC 20528-0485.

Respondent Pamela Jo Bondi is named in her official capacity as the Attorney General of the United States. In her official capacity, Ms. Bondi is responsible for the administration of the immigration laws as exercised by the Executive Office for Immigration Review ("EOIR"), pursuant to 8 U.S.C. § 1103(g). She routinely transacts business in the District of New Jersey and is legally responsible for administering Petitioner's removal and custody proceedings and for the standards used in those proceedings. As such, she is a legal custodian of Petitioner. Respondent Bondi's office is located at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

JURISDICTION

Federal district courts have jurisdiction to hear habeas corpus petitions by noncitizens challenging the lawfulness or constitutionality of their detention by ICE. See, e.g., Demore v. Kim, 538 U.S. 510, 516–17 (2003); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Lomeu v. Soto, No. 25-CV-16589, 2025 WL 2981296, *3 (D.N.J. Oct. 23, 2025) (Padin, J.) (citing Demore, 538 U.S. at 517) ("The Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant a writ of habeas corpus to a person in custody in violation of the Constitution, laws, or treaties of the United States"); Contreras Maldonado v. Cabezas, No. 25-CV-13004, 2025 WL 2985256, *2 (D.N.J. Oct. 23, 2025) (Semper, J.) (similar); Soto v. Soto, No. 25-CV-16200, 2025 WL 2976572, *2 (D.N.J. Oct. 22, 2025) (O'Hearn, J.) (similar); Rivera Zumba v. Bondi, No. 25-CV-14626, 2025 WL 2753496, *3 (D.N.J. Sept. 26, 2025) (Hayden, J.) (similar).

This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 2241 (habeas); 28 U.S.C. § 1331 (federal question); and Article I, § 9, cl. 2 of the United States Constitution. This Court has authority to grant declaratory and injunctive relief. 28 U.S.C. § 2202. The Court has additional remedial authority under the All Writs Act, 28 U.S.C. § 1651 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

While Respondents have taken the position in similar matters that administrative exhaustion is required before jurisdiction will attach, Supreme Court and Third Circuit precedent establishes otherwise. Due process claims, like those brought here, are "generally exempt from the exhaustion requirement because the [Board of Immigration Appeals] does not have jurisdiction to adjudicate constitutional issues." Mudric v. Att'y Gen. of the United States, 469 F.3d 94, 98 (3d Cir. 2006); see Carr v. Saul, 593 U.S. 83, 92, 93, 96 (2021) (noting that "agency adjudications are generally ill suited to address structural constitutional challenges," that "[i]t makes little sense to require litigants to present claims to adjudicators who are powerless to grant the relief requested," and holding that it was legal error to impose an administrative exhaustion requirement on constitutional claims).

Further, because Petitioner challenges his detention under Section 1225(b), any attempt to exhaust administrative remedies would be futile. Matter of Yajure Hurtado, 29 I&N Dec. 216, 218 (BIA 2025) (holding that "an Immigration Judge lacks authority to hear a bond request" filed by a noncitizen held in mandatory detention under Section 1225(b)); see also, e.g., Mosqueda v. Noem, No. 25-CV-2304, 2025 WL 2591530, at *7 (C.D. Cal. Sept. 8, 2025) (administrative challenge futile in light of Yajure Hurtado). Accordingly, the Court can exercise jurisdiction regardless of whether Petitioner has exhausted administrative remedies.

## VENUE

Venue is proper in this Court because Petitioner is physically confined within the District of New Jersey. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (finding that venue is determined at the time a habeas petition is filed).

## SPECIFIC FACTS ABOUT PETITIONER

Petitioner is a citizen and national of Ecuador.

On October 7, 2026, Petitioner presented to U.S. authorities seeking protection and underwent a credible fear interview. He was detained by DHS at the time of, or immediately following, that interview.

Petitioner is currently detained at Delaney Hall Detention Facility located in Newark, New Jersey.

DHS placed Petitioner in removal proceedings before the Newark Immigration Court pursuant to 8 U.S.C. § 1229a. ICE has charged Petitioner with, inter alia, being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.

Petitioner is neither a flight risk nor a danger to the community. He has no criminal history, no prior removal orders, and ICE has not alleged any negative factors.

As a result of Respondents' determination that Petitioner is subject to mandatory detention under Section 1225(b), Petitioner has not been afforded a bond hearing and remains confined. No parole request has been made to DHS to date, and Petitioner has not received any parole determination. Without relief from this Court, he faces the prospect of months, or even years, in immigration custody.

## PAROLE FUTILITY

Although DHS theoretically retains discretionary parole authority under 8 U.S.C. § 1182(d)(5), pursuit of parole in this case would be futile. DHS has adopted a categorical policy treating individuals charged under 8 U.S.C. § 1182(a)(6)(A)(i) as subject to mandatory detention under 8 U.S.C. § 1225(b), and the Board of Immigration Appeals has issued binding precedent holding that such individuals are categorically ineligible for bond. Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).

Under this regime, parole determinations are neither individualized nor governed by any articulated standard capable of curing the due process violations at issue here. Courts in this District have repeatedly recognized that discretionary parole does not provide an adequate substitute for a constitutionally required custody hearing and does not defeat habeas jurisdiction. Accordingly, Petitioner's failure to seek parole does not bar this Court's review.

LEGAL FRAMEWORK

The Government's Statutory Authority to Detain Noncitizens

The two primary provisions of the United States Code that govern the detention of noncitizens prior to an order of removal are 8 U.S.C. § 1226(a) and 8 U.S.C. § 1225(b).

Section 1226(a) governs the detention of most noncitizens who are already in the United States and subject to formal removal proceedings before an immigration court under 8 U.S.C. § 1229a. 8 U.S.C. § 1226(a); see also Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) ("[U.S. immigration law] authorizes the Government to detain certain [noncitizens] already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c).") (emphasis added).

As the Supreme Court has made clear, "Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an [noncitizen] 'pending a decision on whether the [noncitizen] is to be removed from the United States.'" Jennings, 583 U.S. at 287–89.

Detention under Section 1226(a) is discretionary, not mandatory; the government "may release the [noncitizen] on—(A) a bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole[.]" 8 U.S.C. § 1226(a)(2)(A)–(B).

Under the Section 1226 framework, release is appropriate where a noncitizen "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). See Velesaca v. Decker, 458 F. Supp. 3d 224, 241 (S.D.N.Y. 2020) ("8 U.S.C. § 1226(a) and its implementing regulations require ICE officials to make an individualized custody determination"); see also Lopez Benitez v. Francis, No. 25-CV-5937, 2025 WL 2371588, at *20 (S.D.N.Y. Aug. 13, 2025).

If, after an individualized consideration, ICE chooses to detain the noncitizen pursuant to Section 1226(a) pending removal proceedings, the individual may ask for a bond redetermination hearing before the immigration judge. 8 C.F.R. § 1003.19.

In contrast with Section 1226, which applies to "certain [noncitizens] already in the country," Jennings, 583 U.S. at 289 (emphasis added), Section 1225(b) governs detention of noncitizens seeking entry into the United States (i.e., "applicants for admission"). In other words, Section 1225(b) mandates detention for those noncitizens subject to it, and they are not eligible to be considered for release.

Section 1225(b)(2)(A) applies to a subset of applicants for admission. It provides that, "if the examining officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added).

Noncitizens' Procedural Due Process Rights

The Due Process Clause of the Fifth Amendment entitles noncitizens to due process of law. Reno v. Flores, 507 U.S. 292, 306 (1993). As clearly enunciated by the Supreme Court, the protection of the Due Process Clause applies to noncitizens in the United States "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001) (citations omitted).

Stated simply, "while [DHS] might want to enforce this country's immigration laws efficiently, it cannot do that at the expense of fairness and due process." Ceesay v. Kurzdorfer, No. 25-CV-267, 2025 WL 1284720, at *1 (W.D.N.Y. May 2, 2025) (citing United States ex. rel. Accardi v. Shaughnessy, 347 U.S. 260, 266–68 (1954)).

Further, noncitizens are entitled to procedural due process protections, even in the face of policy shifts between administrations. While a "new administration can change the rules . . . it cannot change them and make up new rules as it goes along when the new rules abridge constitutional rights." Velasquez v. Kurzdorfer, No. 25-CV-493, 2025 WL 1953796, at *14 (W.D.N.Y. Jul. 16, 2025).

In the context of immigration detention due process claims, the Third Circuit has applied the three-factor balancing test set forth in Mathews v. Eldridge to determine what due process requires. Gayle v. Warden Monmouth Cnty. Corr. Inst., 12 F.4th 321, 331–32 (3d Cir. 2021) (citing Mathews v. Eldridge, 424 U.S. 319, 335 (1976)); see also Guerrero-Sanchez v. Warden York Cnty. Prison, 905 F.3d 208, 225 (3d Cir. 2018), abrogated on statutory grounds by Johnson v. Arteaga-Martinez, 596 U.S. 573 (2022) (applying a Mathews test "to identify the specific dictates of due process" for an immigration habeas petitioner).

These factors are: (i) "the private interest that will be affected by the official action"; (ii) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (iii) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id.

Under the Mathews rubric, freedom from imprisonment, physical restraint, or other forms of government custody is "the most elemental of liberty interests." Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004); Lopez Benitez, 2025 WL 2371588, at *9 ("[Petitioner] invokes the most significant liberty interest there is—the interest in being free from imprisonment") (quoting Velasco Lopez v. Decker, 978 F.3d 842, 851 (2d Cir. 2020)) (citing Hamdi, 542 U.S. at 529).

With respect to the second Mathews factor, given the strong liberty interest at stake, the Fifth Amendment's guarantee of due process requires at least some notice and an opportunity to be heard before a person can be placed in immigration detention. Trump v. J.G.G., 604 U.S. 670, 673 (2025). Further, due process requires that "notice must be afforded within a reasonable time and in such manner as will allow [noncitizens] to actually seek . . . relief[.]" Id.

For the third Mathews factor, the recognized government interests in immigration detention are "ensuring the appearance of [noncitizens] at future immigration proceedings" and "preventing danger to the community." Zadvydas, 533 U.S. at 690.

Recent decisions by federal courts confirm that due process requires the government to provide meaningful process when challenging prolonged immigration detention. See, e.g., German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 214 (3d Cir. 2020) (ordering government to bear the burden by clear and convincing evidence at an immigration bond hearing, relying on Mathews).

Here, Petitioner seeks immediate release because Respondents have not provided a constitutionally adequate, individualized custody process despite his prolonged detention.

## TIMELINE PURSUANT TO 28 U.S.C. § 2243

Courts considering petitions for writs of habeas corpus are directed to either issue a writ "forthwith," or to direct the respondent to show cause why the writ should not be granted within three days, or, with good cause, within twenty days. 28 U.S.C. § 2243.

Once the government has responded, the statute directs the Court to schedule a hearing on the petition "not more than five days after the return unless for good cause additional time is allowed." Id.

Because Petitioner's liberty remains heavily burdened during his continued detention, Petitioner asks the Court to adhere to the schedule set forth in § 2243 and order the Government to Show Cause within three days as to why the Petition should not be granted.

## CLAIMS FOR RELIEF

### COUNT ONE

### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION (Failure to Conduct an Individualized Pre-Detention / Custody Assessment)

Petitioner realleges and incorporates by reference each and every allegation contained above.

The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. See generally Reno v. Flores, 507 U.S. 292 (1993); Zadvydas v. Davis, 533 U.S. 678 (2001); Demore v. Kim, 538 U.S. 510 (2003).

Accordingly, Petitioner was entitled to due process of law.

The Third Circuit applies the Mathews v. Eldridge factors to determine what due process requires in the context of immigration detention. Gayle, 12 F.4th at 331 (citation modified) (quoting Mathews, 424 U.S. at 335).

Petitioner's private interests here are strong: he has been deprived of his liberty.

Further, Respondents have detained Petitioner without a meaningful opportunity to be heard and without any individualized evaluation as to his particular circumstances, including whether he poses a flight risk or a danger to the community.

With respect to the government's interest, Respondents have not offered any individualized purpose for Petitioner's continued detention.

For the foregoing reasons, Respondents' detention of Petitioner violates the rights guaranteed to him by the Due Process Clause of the Fifth Amendment to the United States Constitution.

## COUNT TWO

### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION (Substantive Due Process)

Petitioner realleges and incorporates by reference each and every allegation contained above.

The Due Process Clause prohibits the government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. At its core, a person's protected liberty interest mandates freedom from arbitrary imprisonment and applies with equal force to individuals in immigration detention. Zadvydas, 533 U.S. at 690; Doherty v. Thornburgh, 943 F.2d 204, 209 (2d Cir. 1991).

Courts have recognized legitimate purposes for civil immigration detention: mitigating flight risk and preventing danger to the community. See Zadvydas, 533 U.S. at 690.

Petitioner is neither a flight risk nor a danger to the community. Because Respondents' continued detention bears no "reasonable relation" to those interests, Jackson v. Indiana, 406 U.S. 715, 738 (1972), it is arbitrary civil confinement.

For the foregoing reasons, Respondents' detention of Petitioner violates substantive due process.

## COUNT THREE

### VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT

Petitioner realleges and incorporates by reference each and every allegation contained above.

Upon information and belief, Respondents are currently detaining Petitioner pursuant to 8 U.S.C. § 1225(b), including its mandatory detention authority.

As applied here, Respondents' interpretation and implementation of Section 1225(b) to authorize prolonged, unreviewable detention without constitutionally adequate process exceeds statutory authority and is contrary to the structure and purpose of the INA.

COUNT FOUR

VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(A)

Petitioner realleges and incorporates by reference each and every allegation contained above.

The Administrative Procedure Act prohibits agency action which is arbitrary and capricious or contrary to law. 5 U.S.C. § 706(2)(A).

An action is an abuse of discretion if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Nat'l Ass'n of Home Builders v. Defs. of Wildlife, 551 U.S. 644, 658 (2007) (quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)). An agency must articulate "a satisfactory explanation" for its action, "including a rational connection between the facts found and the choice made." Dep't of Com. v. New York, 588 U.S. 752, 773 (2019) (citation omitted).

Respondents' decision to continue detaining Petitioner under a mandatory detention regime without providing a constitutionally adequate, individualized custody process is arbitrary and capricious and contrary to law.

PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

Declare that Petitioner's continued detention under 8 U.S.C. § 1225(b) without an individualized custody determination violates the Due Process Clause of the Fifth Amendment;

Declare that Respondents' application of Section 1225(b) to impose prolonged, unreviewable detention exceeds statutory authority and violates the Immigration and Nationality Act;

Grant a writ of habeas corpus ordering Respondents to immediately and unconditionally release Petitioner from immigration custody;

In the alternative, order Respondents to provide Petitioner with a prompt custody hearing before a neutral adjudicator at which the Government bears the burden of establishing, by clear and convincing evidence, that Petitioner poses a flight risk or a danger to the community, consistent with Mathews v. Eldridge and Third Circuit precedent;

Issue an Order to Show Cause directing Respondents to respond to this Petition within three (3) days and schedule a hearing within the time limits set forth in 28 U.S.C. § 2243;

Enjoin Respondents from transferring Petitioner out of the District of New Jersey or removing him from the United States while this Petition is pending, pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651;

Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act; and

Grant such further relief as the Court deems just and proper.

Dated: January 22, 2026

New York, NY

STILLMAN LEGAL PC

Attorneys for Petitioner Miguel Fernando Guayllas-Fajardo


VERIFICATION PURSUANT TO 28 U.S.C. § 2241

I am submitting this verification on behalf of Petitioner because I am an attorney for Petitioner. I have discussed with the Petitioner the events described in this Petition. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge. This verification is being made by counsel with permission of the Petitioner rather than by Petitioner himself due to counsel's inability to meet with the Petitioner in a timely fashion.

Furthermore, pursuant to Local Civil Rule 11.2, I verify that, to the best of my knowledge, the matters in controversy in this action are not the subject of any other pending action before any court, arbitrator, or administrative body.

Dated: January 22, 2026

Brooklyn, New York

/s/ Lina Stillman, Esq.

Counsel for Petitioner